IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES D. DECKER,

          Petitioner,

    v.                                   CASE NO. 09-3252-SAC

ROGER WERHOLTZ,

          Respondent.

**O R D E R**

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and has paid the $5.00 district court filing fee. Having reviewed the record, the court finds this matter should be dismissed without prejudice to petitioner refiling his petition after fully exhausting state court remedies on all claims.

Petitioner seeks relief on allegations of constitutional error in his state court conviction. His claims include allegations of ineffective assistance of counsel by his trial and appellate attorney. As to these particular claims, petitioner pursued relief without success in a post-conviction motion filed under K.S.A. 60-1507, but his appeal from the district court's denial of that motion is currently pending before the Kansas Court of Appeals.

An application for a writ of habeas corpus under § 2254 may not be granted unless it appears the applicant has either exhausted state court remedies, or demonstrated that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. §

2254(b)(1). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal constitutional claim before such a claim is presented to the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

In the present case, petitioner acknowledges his federal habeas petition "may be premature," but presumes appointed appellate counsel has abandoned petitioner's post-conviction appeal because the attorney has not answered petitioner's correspondence. This is insufficient to excuse petitioner from fully pursuing state court remedies on his unexhausted claims. Moreover, the Kansas judicial website confirms that petitioner's appeal (Appeal No. 102422) is currently pending, and reflects the filing of appellant's brief on November 25, 2009.

Because the instant application contains a mixture of exhausted and unexhausted claims, and because circumstances do not warrant a stay of this matter to preserve petitioner's opportunity to timely re-file a habeas corpus petition under 28 U.S.C. § 2254 after fully exhausting state court remedies on all claims,[1] the court concludes

---

[1] See Rhines v. Webber, 544 U.S. 269 (2005)(recognizing that a district court has authority in limited circumstances to stay a mixed federal habeas petition to allow the petitioner to return to state court to exhaust remedies on unexhausted claims, and to avoid risking the petitioner's opportunity for federal review of the unexhausted claims).

the petition should be dismissed without prejudice.

Petitioner is advised that a one year limitation period applies to the filing of a habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). In the present case, it appears the one year period began running on March 19, 2007, when the time expired for petitioner to seek review by the United States Supreme Court in petitioner's direct appeal. 28 U.S.C. § 2244(d)(1)(A). The running of the federal limitation period was tolled some nine months later when petitioner filed his post-conviction motion in the state courts on December 17, 2007, and that tolling continues until his pending appeal is resolved through the Kansas Supreme Court.[2] 28 U.S.C. § 2244(d)(2). At that time, the approximate three months remaining in the federal limitation period resumes running, giving petitioner ample time to re-file a § 2254 petition in federal court on fully exhausted claims.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 16th day of December 2009 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Petitioner reports his filing of a mandamus action in the state court in August 2007 to obtain files in order to file a post-conviction motion. At this time, the court need not and does not decide whether that state mandamus action would entitle petitioner to additional tolling under 28 U.S.C. § 2244(d)(2).

3