IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES D. DECKER,**

                Petitioner,

       v.                              CASE NO. 09-3252-SAC

**ROGER WERHOLTZ,**

                Respondent.

**O R D E R**

By an order dated December 16, 2009, the court dismissed without prejudice petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, citing petitioner's pending state court appeal, and finding petitioner had not demonstrated he was entitled to any exception to the well established requirement that he must first exhaust available state court remedies on his claims.

Before the court is petitioner's motion for reconsideration, which the court liberally construes as a motion to alter or amend the judgment entered in this matter. *See* Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Fed.R.Civ.P. 59(e)(motion to alter or amend a judgment to be filed no later than 28 days after entry of judgment). Grounds warranting such relief include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete, 204 F.3d at 1012 (*citing* Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a

party's position, or the controlling law.  Id.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.  Id. (*citing* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In the present case, petitioner again maintains without elaboration that circumstances render any further resort to state remedies ineffective.  This is insufficient.  Upon consideration of petitioner's motion and the record, the court finds and concludes petitioner has failed to demonstrate some reason the court should alter or amend the December 16, 2009, final order and judgment in this action.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 5) is treated as a timely filed motion to alter or amend the judgment in this matter, and that said motion is denied.

**IT IS SO ORDERED.**

DATED:  This 29th day of December 2009 at Topeka, Kansas.

                                s/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge